UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD D. HIGGS,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DEPARTMENT OF CORRECTIONS, et al.,**<br><br>    **Defendants.** | Civil Action No. 22-5450 (SDW-JBC)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about September 7, 2022, Plaintiff Donald D. Higgs, a prisoner confined in Northern State Prison in Newark, New Jersey, filed a pro se complaint raising civil rights claims regarding alleged unauthorized deductions from his inmate trust account, interference with his incoming and outgoing mail, and violation of his right to privacy in medical records. (ECF No. 1).

2. On September 23, 2022, this Court administratively terminated this matter because Plaintiff failed to pay the $402 filing and administrative fees for a civil action or alternatively submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).

3. This Court received Plaintiff's IFP application on October 17, 2022 (ECF No. 4), and will now reopen this matter. Upon review of Plaintiff's IFP application, he is financially eligible to proceed without prepayment of the filing fee, and his application will be granted.

4. Because Plaintiff will proceed *in forma pauperis*, this Court is required to screen his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a

1

complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. Plaintiff brings the following claims against thirteen officials, employees and agencies of the State of New Jersey.

8. The first two defendants are Marcus Hicks, former Commissioner of New Jersey Department of Corrections ("NJDOC"), and Victoria K, Commissioner of NJDOC, sued in their personal and official capacities for ignoring Plaintiff's prison grievances.

9. The third defendant is John/Jane Doe, Business Office Manager, Bayside State Prison, sued in his/her personal and official capacities for withdrawing money from Plaintiff's inmate account for legal calls that were already paid in full. The fourth defendant is John Blakeslee, Assistant Ombudsmen, NJDOC, sued in his personal and official capacities for covering up the unauthorized withdrawals from Plaintiff's inmate account by Defendant #3. The fifth defendant is Ronald Constantine, Central Office Revenue Unit, NJDOC, sued in his personal and official capacities for failing to respond to Plaintiff's correspondence concerning the investigation of the alleged cover-up of the unauthorized withdrawals from Plaintiff's inmate account. The sixth defendant is Alana Wallbillich, Business Office Manager, Northern State Prison, sued in her personal and official capacities for sporadically taking mandatory $15 monthly deductions from Plaintiff's inmate account, and intentionally delaying placement of funds in Plaintiff's phone account, for the purpose of delaying or hindering this litigation, and for failing to respond to Plaintiff's grievances.

10.  The seventh, eighth and ninth defendants, Lieutenant Berryman, Sergeant Callucio, and Sergeant Saquay, are former and/or current mailroom supervisors at Northern State Prison, sued in their personal and official capacities because employees under their supervision interfered with Plaintiff's incoming and outgoing mail, including legal mail, by opening legal mail outside his presence, removing documents, and/or discarding mail, and violating Plaintiff's right to privacy in his medical records by opening mail containing medical records.

11.  The tenth defendant is the State of New Jersey, Department of Treasury, Division of Risk Management, sued in its official capacity for failing to timely investigate and respond to Plaintiff's tort claim. The eleventh defendant is Nisa Rizvi, Claims Investigator, State of New Jersey, Department of Treasury, Division of Risk Management, sued in her personal and official capacities for intentionally delaying her response to Plaintiff's January 26, 2021 tort claim until June 2, 2022, in an attempt to thwart Plaintiff from filing a civil action.

12.  The twelfth defendant is the NJDOC, sued for the alleged misconduct of its employees in violation of Plaintiff's rights, privileges and immunities under the Fourteenth Amendment.

13. The thirteenth defendant is John/Jane Doe postal employee, sued in his/her individual and official capacities for intentionally placing "return to sender" stickers on numerous letters mailed to "a specific person" at the suggestion of the mailroom handlers at Northern State Prison, for the purpose of thwarting Plaintiff's lawsuit in *Higgs v. Myers, et al.*, 2:15-2900.

14.  For relief against each defendant, Plaintiff seeks damages and other unspecified relief, which this Court construes to include injunctive relief against the defendants in their official capacities.

15.  A prisoner has a protected property interest in funds in his inmate account and, thus, cannot be deprived of those funds without due process. *Ragland v. Comm'r New Jersey Dep't of*

*Corr.*, 717 F. App'x 175, 177 (3d Cir. 2017) (citing *Higgins v. Beyer*, 293 F.3d 683, 693 (3d Cir. 2002)). A state, however, can avoid liability by providing adequate post-deprivation procedures for random, unauthorized deprivations. *Id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)). NJDOC's internal grievance system and the New Jersey Tort Claims Act provide adequate post-deprivation remedies, even if the prisoner is unsuccessful in obtaining a remedy. *Raglund*, 717 F. App'x at 177-78 (citing *Hudson v. Palmer*, 468 U.S. 517, 535 (1984) (post-deprivation tort remedy is all the process a state need provide for random, unauthorized taking) (additional citations omitted)). Plaintiff's Fourteenth Amendment due process claims for deprivation of funds in his inmate account against John/Jane Doe Business Manager, Bayside State Prison; John Blakeslee, Assistant Ombudsman, NJDOC; and Alana Wallbillich, Business Officer Manager, NJDOC will be dismissed with prejudice.

16.  Because there is no constitutional right to prison grievance procedures, *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases), this Court construes these claims as alleging denial of access to the courts in violation of the First Amendment right to seek redress for grievances. "'Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they ... lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit.'" *Rivera v. Monko*, 37 F.4th 909, 915 (3d Cir. 2022) (quoting *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). In other words, a plaintiff must show an actual injury due to interference with his right of access to courts, such as dismissal of a complaint or inability to file a complaint. *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). With respect to his unanswered prison grievances,

5

Plaintiff has not alleged that he lost a chance to pursue a nonfrivolous underlying legal claim. Therefore, Plaintiff's First Amendment access to courts claims will be dismissed without prejudice against all defendants in their personal and official capacities.

17. Likewise, with respect to Plaintiff's tort claim for deprivation of funds from his inmate account under the New Jersey Tort Claims Act, Plaintiff alleged that State of New Jersey, Department of Revenue employee Ronald Constantine failed to respond to Plaintiff's correspondence; Nisa Rizvi, the investigator of Plaintiff's tort claim, intentionally failed to respond in a timely fashion; and that their employer is liable, in its official capacity, for their actions. Plaintiff further alleged that, to hinder this litigation, Alana Wallbillich delayed placing funds in Plaintiff's phone account. This Court construes these claims as alleged violations of Plaintiff's First Amendment right of access to courts, and dismisses the claims without prejudice because Plaintiff has not alleged that he lost his tort claim or the chance to pursue it. Insofar as Plaintiff may be attempting to assert that tort claim here, this Court will decline to exercise supplemental jurisdiction at this time because the complaint fails to state a claim over which this Court has original jurisdiction, based on the dismissal of Plaintiff's § 1983 claims. 28 U.S.C. § 1367(c)(3) (providing that district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction.) If Plaintiff files an amended complaint that states a cognizable federal claim, he may bring his related state tort claims in federal court at that time.

18. "'[P]risoners, by virtue of their incarceration, do not forego their First Amendment right to the use of the mails." *Nixon v. Sec'y Pennsylvania Dep't of Corr.*, 501 F. App'x 176, 177 (3d Cir. 2012) (quoting *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006)). This right is not absolute and may be restricted for legitimate penological purposes. *Id.* (citing *Thornburgh v.*

*Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "Allegations that legal mail is intentionally opened and read, delayed for an inordinate period of time, or stolen may also state a First Amendment claim." *Maddox v. Mendoza*, No. CV 22-938 (FLW), 2022 WL 1785451, at *2–3 (D.N.J. June 1, 2022) (citing *McLeod v. Monmouth Cty. Corr. Inst.*, No. CIV.A. 05-4710 (AET), 2006 WL 572346, at *3 (D.N.J. Mar. 8, 2006) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996)); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304 (7th Cir. 1993); *Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011)).

Plaintiff brings his First Amendment interference with use of the mails claims against Lieutenant Berryman, Sergeant Saquay,[1] and Sergeant Callucio, prison mailroom supervisors, for the alleged misconduct of their subordinates, and against former and current NJDOC Commissioners Marcus Hicks and Victoria K as their supervisors, and against the NJDOC, in its official capacity, as the employer of these defendants. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Thus, to state a claim of supervisory liability under § 1983 in the Third Circuit, a plaintiff must allege, in more than a conclusory manner, that the supervisor "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original). Plaintiff

---

[1] Plaintiff also alleges Sergeant Saquay was responsible for interception of Plaintiff's educational and business books ordered from the source, but Plaintiff has not alleged that Sergeant Saquay, or the employee under his supervision, intercepted the books without any legitimate penological purpose. Therefore, he fails to state a claim. This claim is also dismissed without prejudice.

7

has not alleged sufficient facts to state a claim of supervisory liability for the acts of their subordinates, and these claims will be dismissed without prejudice.

19. Plaintiff's First Amendment claims for interference with use of the mails and denial of access to the courts against Defendant John/Jane Doe postal employee, for returning mail to the sender, also fails to state a claim. Assuming Plaintiff has standing to bring this claim as either the sender or addressee, Plaintiff relies on nothing but pure speculation that a postal employee was acting at the direction of someone within Northern State Prison for the purpose of frustrating Plaintiff's litigation or simply preventing the addressee from obtaining the information contained in the returned letters. This claim will be dismissed without prejudice for insufficient factual basis.

20. The constitutional right to privacy in one's medical information exists in prison. *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001). This right, however, is "subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." *Id.* Thus, "'an inmate's constitutional right may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff alleges only that mail containing his medical records was opened in the prison mailroom. This is insufficient to state a claim for violation of his right to privacy in his medical information because it is not clear that anyone read his medical records or that there was no legitimate correctional or security interest in doing so. Therefore, this claim against Sergeants Berryman and Callucio, as the supervisors of the subordinate who opened mail containing Plaintiff's medical records, will be dismissed without prejudice, as will the § 1983 supervisory liability claims against former and current NJDOC Commissioners Marcus Hicks and Victoria K, and against NJDOC, in its official capacity, as their employer.

21.  In sum, Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted, and his complaint will be dismissed in part with prejudice, and in part without prejudice, with leave to file an amended complaint.

An appropriate order follows.

Dated: October 27, 2022

Hon. Susan D. Wigenton,
United States District Judge