UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD D. HIGGS,** | Civil Action No. 22-5450 (SDW-JBC) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **DEPARTMENT OF CORRECTIONS,** et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about September 7, 2022, Plaintiff Donald D. Higgs, a convicted state prisoner incarcerated in Northern State Prison in Newark, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). After this Court administratively terminated the action based on deficiencies in Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) (ECF No. 2), Plaintiff filed a corrected IFP application. (ECF No. 3). This matter was reopened, and this Court granted Plaintiff's IFP application but dismissed the complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted leave to file an amended complaint. (ECF Nos. 6, 7). Specifically, this Court dismissed with prejudice Plaintiff's Fourteenth Amendment due process claims for deprivation of Plaintiff's inmate funds against Defendants John/Jane Doe, Business Manager, Bayside State Prison, John Blakeslee and Alana Wallbillich. (ECF No. 7). The remaining claims in the original complaint were dismissed without prejudice. (*Id.*)

2. Plaintiff timely filed an amended complaint on November 21, 2022. (ECF No. 8). Thereafter, on December 19, 2022, Plaintiff filed a motion to amend/correct, together with a

1

second amended complaint. (ECF No. 9). Pursuant to Federal Rule of Civil Procedure 15(a), this Court will grant Plaintiff's motion to amend/correct, and accept his second amended complaint. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    6. There are thirteen defendants identified in the second amended complaint: (1) Marcus Hicks, former Commissioner of New Jersey Department of Corrections ("NJDOC"); (2) Victoria Kuhn, present Commissioner of NJDOC; (3) John/Jane Doe, Business Office Manager, Bayside State Prison; (4) Ombudsman John Blakeslee; (5) Ronald Constantine; (6) Alana Wallbillich, Business Office Manager, Northern State Prison; (7) Lt. Berryman; (8) Sergeant A. Saquay; (9) Sgt. Nicholas Caliccio; (10) State of New Jersey, Department of the Treasury, Division of Risk Management; (11) Nisa Rizvi, Claims Administrator; (12) NJDOC employee[s]; and (13) United States Postal Employee.

    7. This Court incorporates by reference the Memorandum Opinion and Order, dismissing Plaintiff's original complaint. (ECF Nos. 6, 7). With few exceptions, described below, Plaintiff brings the same claims against the same defendants, without providing additional factual allegations required to state a plausible claim for relief.

8. The New Jersey Department of Treasury, Division of Risk Management is immune from § 1983 claims under the Eleventh Amendment, and is not a "person" who can be held liable under § 1983. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Robinson v. Bureau of Health Care Services, Food Service Division et al.*, No. 22-1913, 2022 WL 17984477, at *2 (3d Cir. Dec. 29, 2022) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989) ("[A] State [and its agencies are] not a person within the meaning of § 1983.") Therefore, the § 1983 claims against New Jersey Department of Treasury, Division of Risk Management will be dismissed with prejudice.

8. Upon screening the original complaint, this Court denied with prejudice Plaintiff's Fourteenth Amendment due process[1] and First Amendment access to courts claims against John/Jane Doe, Business Manager, Bayside State Prison, John Blakeslee and Alana Wallbillich. Therefore, Plaintiff may not reallege these claims.[2]

---

[1] In his second amended complaint, Plaintiff appears to allege that his deprivation of property claims arise under the Equal Protection Clause of the Fourteenth Amendment. In the absence of alleged discrimination, such claims are governed by the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517 (1984).

[2] For purposes of Plaintiff's Fourteenth Amendment due process claims, there is no meaningful distinction between unauthorized deductions from his inmate account, as alleged in his original complaint, and theft from his inmate account, as alleged in his second amended complaint. State law provides an adequate post-deprivation remedy for unauthorized removal of funds from his account, which encompasses his allegation of stealing. *Raglund v. Commissioner New Jersey Department of Corrections*, 717 F. App'x 175, 177-78 (3d Cir. 2017) (New Jersey Tort Claims Act provides adequate post-deprivation remedy for unauthorized removal of funds from an inmate account). Moreover, Plaintiff has not alleged that his tort claim was dismissed as untimely, depriving him of an adequate post deprivation remedy. The allegations are vague, but it appears that although Plaintiff was delayed in filing his tort claim, it was ultimately denied on the merits by the New Jersey Department of Treasury, Risk Management Division, named as a defendant in the second amended complaint. If this Court has misunderstood the allegations, and Plaintiff's tort

9. In his second amended complaint, Plaintiff realleges his First Amendment access to courts claims. Plaintiff, however, has not alleged that Defendants caused him to lose a nonfrivolous claim or the ability to pursue a nonfrivolous claim. If Plaintiff has lost a particular claim or the ability to pursue it, he must allege so with sufficient detail. For example, it is not sufficient for Plaintiff to allege he was deprived of medical records that he would have used as evidence in *Higgs v. Myers*, 15cv2900 (D.N.J.) Plaintiff must explain the nature of his claim and how his failure to submit the medical records in support of the claim resulted in his loss of the claim. *See Rivera v.89 Monko*, 37 F.4th 909, 916 (3d Cir. 2022) (holding the plaintiff stated an actual injury in support of First Amendment access of courts claim by alleging the name and case number of his civil action, the nature of the nonfrivolous action, and that the defendant's conduct resulted in an adverse verdict.) Therefore, Plaintiff's First Amendment access to courts claims are dismissed without prejudice, including his claim that an unidentified NJDOC employee stole a copy of his original tort claim while searching his cell.

10. In his original complaint, Plaintiff alleged that Lt. Berryman, Sergeant A. Saquay and Sgt. Nicholas Caliccio were liable as mailroom supervisors because mailroom staff opened Plaintiff's legal mail and removed his medical records. This Court dismissed Plaintiff's First Amendment interference with legal mail claims without prejudice. In his second amended complaint, Plaintiff alleges that Lt. Berryman, Sergeant A. Saquay, and Sgt. Nicholas Caliccio *acted in concert and/or through employees under their supervision* to open his legal mail and confiscate medical documents sent to him. Plaintiff's claims are conclusory, and they will be

---

claim was denied because it was untimely, he may seek reconsideration of the dismissal of this claim with prejudice. It is, however, the availability of an adequate procedure, whether or not relief is granted, that satisfies the procedural due process required when a State deprives a person of property. *See generally*, *Hudson*, 468 U.S. 517.

dismissed without prejudice. Plaintiff must demonstrate some basis for his belief that the identified defendants acted in concert in opening his legal mail and confiscating his medical records or that they directed someone else to do so. These claims will be dismissed without prejudice.

10. In his second amended complaint, Plaintiff alleges Sgt. Saquay confiscated business and educational books sent to Plaintiff, without providing an "unauthorized slip." This Court liberally construes this claim as alleging that Sgt. Saquay confiscated books that Plaintiff was authorized to receive. This First Amendment claim may proceed. *See Monroe v. Beard*, 536 F.3d 198, 209 (3d Cir. 2008) (recognizing that prisoners have a broad "First Amendment right to view and possess First Amendment materials.")

11. Plaintiff realleges, in his second amended complaint, his supervisory liability claims against the commissioner and former commissioner of NJDOC. There is no vicarious liability of supervisors for their subordinates' violations of 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 676. To state a claim of supervisory liability under § 1983, a plaintiff must allege, in a nonconclusory manner, that the supervisor "'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,'" or that the supervisor "'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)). Plaintiff's supervisory liability claims under § 1983 against the present and former commissioners of the NJDOC in the second amended complaint are no more than bare legal conclusions. Therefore, Plaintiff's claims against Marcus Hicks and Victoria Kuhn will be dismissed without prejudice.

12.  Plaintiff failed to state a plausible claim that an unidentified United States Post Office employee conspired with mailroom staff in New Jersey State Prison to place return to sender labels on Plaintiff's mail.  This First Amendment interference with mail claim in the second amended complaint is dismissed without prejudice.

13.  For the reasons discussed above, Plaintiff may proceed with his § 1983 claim for violation of his First Amendment right of access to reading materials against Sgt. A. Saquay. Plaintiff is granted leave to file a third amended complaint to amend any claims that are dismissed without prejudice.

An appropriate order follows.

Dated: January 4, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge