UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD D. HIGGS,** | Civil Action No. 22-5450 (SDW-JBC) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **DEPARTMENT OF CORRECTIONS, et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about September 27, 2022, Plaintiff Donald D. Higgs, a prisoner in Northern State Prison ("NSP") in Newark, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). On October 27, 2022, this Court granted Plaintiff *in forma pauperis* status under 28 U.S.C. § 1915(a), and dismissed the complaint upon *sua sponte* screening under § 1915(e)(2)(B). (ECF Nos. 6, 7).

2. Plaintiff filed an amended complaint on November 21, 2022 (ECF No. 8), but he then filed a notice of appeal on December 27, 2022, which deprived this Court of jurisdiction. (ECF No. 13). The Third Circuit Court of Appeals dismissed the appeal on May 16, 2023. (ECF No. 22). On May 24, 2023, this Court granted Plaintiff's request to file an amended complaint (ECF No. 25), which he filed on June 30, 2023, with a "Motion for Leave to Amend Pleading." (ECF No. 28 at 1). Plaintiff's motion for leave to amend pleading will be granted, and his pleading filed under ECF No. 28 will be screened as his Second Amended Complaint ("SAC").

3. Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his SAC pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

6. Plaintiff alleges that Defendants violated his First Amendment right of access to courts, First Amendment right to freedom of speech (interference with legal mail), Fourteenth

2

Amendment right to equal protection, and that Defendants conspired with each other and other unnamed individuals to deprive him of his rights, privileges and immunities, all in violation of 42 U.S.C. § 1983. (ECF No. 28).

7. In support of his claims, Plaintiff alleges the Business Office Manager (John/Jane Doe) at Bayside State Prison stole money from Plaintiff's inmate account on three occasions. Ombudsman John Blakeslee and Ronald Constantine from the Central Office Revenue Unit tried to cover up the theft by claiming the funds were taken to pay loans, but the loans were already paid in full. Alana Wallbillich, the Business Manager at Northern State Prison ("NSP"), sporadically took funds from Plaintiff's inmate account for the purpose of hindering and delaying Plaintiff's civil rights action in this case, and in *Higgs v. Myers*, Civil No. 15-2900 ("*Higgs v. Myers*").[1]

8. At NSP, Lt. Berryman, Sgt. A. Saquay, and Sgt. Nicholas Calicchio removed medical records from Plaintiff's incoming legal mail and never returned them. The records are evidence in Plaintiff's civil action, *Higgs v. Myers*. Plaintiff alleges these defendants also acted in concert with others to deprive him of his constitutional rights.

9. The State of New Jersey Division of Risk Management (a named defendant)[2] and Claims Investigator Nisa Rivzi worked in concert with the NJDOC to delay processing and investigating Plaintiff's tort claim. John Doe, at NSP, stole the original tort claim from Plaintiff's property.

---

[1] Pursuant to Federal Rule of Evidence 201(b), this Court takes judicial notice of *Higgs v. Myers*, Civ. Action No. 15-2900 (BRM-JSA) (D.N.J.), available at www.pacer.gov.

[2] The Eleventh Amendment renders state agencies are immune from suit under 42 U.S.C. § 1983, absent waiver of sovereign immunity by the State. New Jersey has not waived sovereign immunity for § 1983 claims. Mierzwa v. U.S., 282 F. App'x 973, 976 (3d Cir. 2008). Therefore, this Court will dismiss the § 1983 claims against the State of New Jersey Division of Risk Management with prejudice.

10. John/Jane Doe Postal Office employee conspired with NSP mail handlers to place "return to sender stickers" on Plaintiff's mail, with intent to hinder Plaintiff's litigation in *Higgs v. Myers*, 15-2900, and to prevent Plaintiff's communication with a witness.

11. Corrections Officer Darren Smith of the Essex County Department of Corrections obstructed Plaintiff's litigation against the officers responsible for Plaintiff's false arrest.

12. Plaintiff alleges supervisory liability of past and present NJDOC Commissioners Marcus Hicks and Victoria L. Kuhn. For relief, Plaintiff seeks declaratory judgment, preliminary and permanent injunctive relief, and damages.

13. To state a claim for violation of the First Amendment right of access to courts, plaintiffs must allege: (1) actual injury "that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim;" and (2) that they have no other remedy for the lost claim. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Additionally, plaintiffs must describe the underlying claim well enough to show that success on the lost claim is "'more than mere hope.'" *Id.* (quoting *Christopher*, 536 U.S. at 416-18)). Plaintiff has not alleged that Defendants' conduct caused the dismissal of his legal action [this action, *Higgs v. Myers*, or any other action] or blocked him from initiating a new, nonfrivolous complaint. The allegation that Defendants hindered or delayed Plaintiff's litigation does not establish an actual injury. This Court will dismiss Plaintiffs' First Amendment access to courts claims against all Defendants without prejudice.

14. For his Fourteenth Amendment equal protection claims, Plaintiff has failed to allege how Defendants treated him differently from similarly situated individuals without any rational basis for doing so. *See, e.g.*, *Barndt v. Wenerowicz*, 698 F. App'x 673, 676 (3d Cir. 2017) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *PG Publ'g Co. v. Aichele*, 705 F.3d

91, 114 (3d Cir. 2013) (describing elements of class of one equal protection claim)). Therefore, Plaintiff's Fourteenth Amendment equal protection claims against all Defendants will be dismissed without prejudice.

15. Plaintiff's First Amendment freedom of speech claim, for interference with his legal mail, may proceed against Lt. Berryman, Sgt. A. Saquay, and Sgt. Nicholas Calicchio.

16. Plaintiff's claims that past and present NJDOC Commissioners Marcus Hicks and Victoria L. Kuhn are vicariously liable under § 1983 for the actions of Lt. Berryman, Sgt. A. Saquay, and Sgt. Nicholas Calicchio will be dismissed without prejudice because there is no vicarious liability under § 1983. *Iqbal*, 556 U.S. at 675; *see also Santiago v. Warminster Twp., 629 F.3d 121, 129 (3d Cir. 2010)* (describing the elements of a clam for supervisory liability under § 1983 claims)). The remainder of the § 1983 claims against Hicks and Kuhn will be dismissed without prejudice because Plaintiff failed to allege the elements of a constitutional claim.

17. To state a civil conspiracy claim under § 1983, plaintiffs must allege the object of the conspiracy was the deprivation of a federally protected right, and "'must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 295 (3d Cir. 2018) (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). Plaintiff's conclusory claims that defendants acted in concert are not sufficient to state a conspiracy claim. This Court will dismiss Plaintiff's § 1983 civil conspiracy claims without prejudice.

18. In conclusion, Plaintiff may proceed with his First Amendment claim for interference with legal mail, and the remainder of his claims will be dismissed without prejudice, with the

5

exception of Plaintiff's claims against the State of New Jersey Division of Risk Management, which will be dismissed with prejudice based on Eleventh Amendment immunity.

An appropriate order follows.

Dated: January 2, 2024

*/s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge